CC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 630 PENSION-ANNUITY TRUST FUND, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSCRIPTS-MISYS HEALTHCARE SOLUTIONS, INC., et al.,<br><br>Defendants. | No. 1:09-cv-04726<br><br><u>CLASS ACTION</u><br><br>Judge Ruben Castillo |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order (Doc. No. 116) of this Court, dated March 22, 2012, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of March 16, 2012 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in the Notice Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice incorporates by reference the definitions in the Stipulation, and all terms used herein and otherwise not defined shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to Plaintiffs and the other Members of the Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby

approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Defendants and their Related Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the inclusion of Unknown Claims (as defined in the Stipulation) in the definition of Released Claims was separately bargained for and was a key element of the Settlement of which this release is a part.

6. Upon the Effective Date, Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or proceeding of any kind in any court of law or equity, arbitration tribunal, administrative forum, or any other forum of any kind, asserting against any of the Defendants and their Related Parties, any of the Released Claims.

7. Upon the Effective Date, each of the Defendants and their Related Parties shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal with Prejudice shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Class Members, and their counsel, employees, successors, trustees, executors, estates, heirs, administrators, and assigns, from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving

Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995.

9. Any Plan of Allocation submitted by Lead Counsel or any Fee and Expense Award shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing, fault or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, wrongdoing, omission or liability of any Defendant in any court of law or equity, arbitration tribunal, administrative proceeding in any court, administrative agency or other tribunal, or any other forum of any kind. Defendants may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim. In addition, nothing contained in this paragraph shall prevent the Stipulation and this Final Judgment and Order of Dismissal with Prejudice (or any agreement or order relating thereto) from being used, offered or received in evidence in any proceeding to

approve, enforce or otherwise effectuate the Stipulation (or any agreement or order relating thereto) or this Final Judgment and Order of Dismissal with Prejudice, or to enforce or effectuate provisions of the Settlement, this Final Judgment and Order of Dismissal with Prejudice, or the Proofs of Claim and Release as to the Defendants and their Related Parties.

11. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned pursuant to the Stipulation, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 7/12/12

THE HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE

Submitted by:

MILLER LAW LLC
MARVIN MILLER
LORI A. FANNING
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
KEITH F. PARK
DEBRA J. WYMAN
SHANNON M. MATERA

s/ Debra J. Wyman
DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

SUGARMAN & SUSSKIND
HOWARD S. SUSSKIND
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: 305/529-2801
305/447-8115 (fax)

Additional Counsel for Plaintiffs

# EXHIBIT 1

**AS OF JULY 9, 2012, NO REQUESTS FOR**

**EXCLUSION HAVE BEEN RECEIVED**